

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,443-01

### EX PARTE JERRY DALE JONES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1407048-A IN THE 178TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance weighing more than one gram but less than four grams, and was sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary and that his conviction violates due process because less than a week after he entered his plea, the evidence in his case was tested and found to weigh less than one gram. There were other discrepancies between the charging instrument, the plea

papers and the judgment in this case with respect to the type of controlled substance alleged to have been possessed, and whether or not Applicant pleaded "true" to an enhancement allegation.

On December 10, 2014, this Court remanded to the trial court to resolve the discrepancies in the record, and to determine whether any errors in the judgment in this case were clerical errors, subject to correction by way of judgment *nunc pro tunc*, or judicial errors. The parties have entered agreed findings of fact and conclusions of law, and the trial court has determined that Applicant's decision to plead guilty to possessing more than one gram but less than four grams of a controlled substance in this case was not a voluntary and intelligent choice. Applicant is entitled to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. 1407048 in the 178th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 4, 2015
Do not publish